1    Todd M. Friedman (216752)
     Meghan E. George (274525)
2    Adrian R. Bacon (280332)
3    LAW OFFICES OF TODD M. FRIEDMAN, P.C.
     21550 Oxnard Street, Suite 780
4    Woodland Hills, CA 91367
5    Phone: 877-206-4741
     Fax: 866-633-0228
6    tfriedman@toddflaw.com
7    mgeorge@toddflaw.com
     abacon@toddflaw.com
8    *Attorneys for Plaintiff, Dick Ling*

9
                IN THE UNITED STATES DISTRICT COURT
10
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
11

12   DICK LING, individually, and on          Case No.
     behalf of other members of the
13   general public similarly situated,       **CLASS ACTION COMPLAINT**

14              Plaintiff,                     (1)  Violation of Unfair Competition
                                                    Law (Cal. Business & Professions
15         vs.                                      Code §§ 17500 *et seq.*) and
16   STS MEDIA, INC. D/ B/A UNREAL            (2)  Violation of Unfair Competition
     MOBILE;                                        Law (Cal. Business & Professions
17   DOES 1-10, inclusive, and each of             Code §§ 17200 *et seq.*)
     them,
18
                Defendant.
19                                            **Jury Trial Demanded**
20

21

22

23

24

25

26

27

28

Plaintiff Dick Ling ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this class action Complaint against Defendant STS MEDIA, INC. D/ B/A UNREAL MOBILE (hereinafter "Defendant") to stop Defendant's practice of falsely advertising that it will provide services that it has no intention to provide and to redress for a nationwide class of consumers ("Class Members") who were advertised certain terms and conditions with their cellular plan that were false, within the applicable statute of limitations period, by Defendant.

2.     Defendant is a Delaware corporation and is engaged in the business of cellular service and related services throughout California.

3.     Defendant represents that it will provide certain terms and conditions, specifically, rollover data up to 500MB per month for no additional charge, when in fact, they do charge an additional $3.99/month for rollover plans.

4.     Plaintiff and others similarly situated received these kind of plans from Defendant and only after purchasing the plans were charged the additional $3.99/month for rollover data.

5.     Defendant misrepresented and falsely advertised to Plaintiff and others similarly situated that they would provide certain terms and conditions related to the inclusion of rollover data up to 500MB/month, when in fact they did not and had no intention to do so.

6.     Defendant's misrepresentations to Plaintiff and others similarly situated caused them to purchase these plans, which Plaintiff and others similarly situated would not have taken absent these misrepresentations by Defendant and its employees. In so doing, Defendant has violated California consumer protection statutes.

**JURISDICTION AND VENUE**

7.      This class action is brought pursuant to Federal Rule of Civil Procedure 23.

8.      This matter is properly venued in the United States District Court for the Northern District of California, in that Defendant does business in the Northern District of California and has its principal place of business and headquarters within this district. A substantial portion of the events giving rise to Defendant's liability took place in this district, as this is where Plaintiff purchased his plan, and this is where Plaintiff resides and used his cellular plan.

9.      There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

10.     In the case at bar, there are at least 100 members in the proposed Class and Sub-classes, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff seeks to represent a nationwide class of consumers, establishing minimum diversity.

**THE PARTIES**

11.     Plaintiff Dick Ling is a citizen and resident of the State of California, County of Contra Costa.

12.     Defendant STS MEDIA, INC. D/ B/A UNREAL MOBILE is a corporation with its principle place of business located with its headquarters in the State of Delaware, and who conducts business selling consumer phone plans and

CLASS ACTION COMPLAINT

operating those telecommunications services, nationwide, including in California.

13.     Plaintiff alleges, on information and belief, that Defendant's marketing campaigns, as pertains to this matter,  were disseminated throughout California, and nationwide.

14.     Plaintiff is informed and believes, and thereon alleges, that at all time relevant, Defendant's sales of products and services are governed by the controlling law in the state in which they do business and from which the sales or products and services, and the allegedly unlawful acts originated, which is California.

15.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

16.     Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

17.     At all relevant times, Defendant ratified each and every act or omission complained of herein.  At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

## PLAINTIFF'S FACTS

18.   In or around December 2018, Plaintiff purchased a cellular phone service from Defendant. The main and prominent features of Plaintiff's monthly

plan was advertised as "unlimited talk, text, and 1 GB of data." The terms and conditions prominently stated and advertised that the unused data, up to 500MB per month, can be rolled over to the next month for no additional fees.

19.    Not only were these terms and conditions clearly advertised to Plaintiff at the time of purchase, but they were further prominently advertised on the jacket of the sim card purchased by Plaintiff.

20.    From January-March of 2019, Plaintiff monitored his monthly cell phone use, and the rollover data, and was glad to see that up to 500MB of his unused data had been rolled over, for a total of 1.5GB, as per the advertised terms, into his next months cycle.

21.    However, beginning in April 2019, Plaintiff noticed that his accumulated 1.5GB of data which had been rolled over from previous months, had completely disappeared from his account.

22.    Plaintiff contacted the Defendant's customer service line, and was told though a customer service rep, Leidy, that the company had changed its policies and procedures, unbeknownst to Plaintiff. Now, Plaintiff was informed, he was going to be charged $3.33/month for an additional "rollover" plan for his unused data.

23.    When Plaintiff complained that he had never been informed of this change in terms and conditions, and that it was not what had been advertised to him, Leidy informed him that the change was "posted on the website" and that Plaintiff would be receiving an e-mail alerting him to the changes. This never occurred, and Plaintiff never received any e-mails alerting him to any changes of the terms and conditions of his plan.

24.    Defendant continued to mislead consumers and falsely advertise that its various plans included rollover data with no additional fee, despite the fact that this was patently false.

25.    However, Defendant had no intention on honoring its representations. That is, Defendant had no intention on providing rollover data after at least April 2019, to its customers, without additional fees, as they were falsely advertising.

26.    Plaintiff relied on Defendant's representations as to the nature of Defendant's services for himself, and for his family when he purchased additional services based on their false representations that the plans included rollover data at no additional charge.

27.    Plaintiff's reliance was reasonable because there was no indication that Defendant would change its terms and conditions without informing the Plaintiff, and continue to falsely advertise rollover data at no additional charge, despite the fact that this was not a true statement or representation.

28.    Had Plaintiff known that Defendant would falsely advertise that rollover data was included in his plan for no additional charge, and that Defendant would engage in a "bait and switch" after Plaintiff was already a customer and had purchased additional plans for his family, Plaintiff would not have used Defendant's services.

29.    Defendant never indicated in any of its representations, that it was changing its terms and conditions to add an additional charge to rollover data plans.

30.    As a result of Defendant's conduct, Defendant deceived Plaintiff and the proposed class members, and caused him to sustain actual economic damages for which he now seeks recompense.

31.    The aforementioned representations are objectively false and constitute a false advertisement under Cal. Bus. & Prof. Code §§ 17500 et. seq., and an unlawful, unfair, or deceptive business practices under Cal. Bus. & Prof. Code §§ 17200 et. seq.

32.    Defendant's violations of the law include, but not limited to, the false

advertising, marketing, representations, and sale of the consumer cellular plans to consumers in California, that do not include the advertised terms and conditions.

33.     On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease advertising and selling these plans with false representation that they include rollover data, when in fact, they do not, as well as and an award of damages to the Class Members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

34.     Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

35.     The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All consumers, who, between the applicable statute of limitations and the present, purchased one or more Class Products in the United States, and whose data plan was advertised to include rollover data at no additional cost.

36.     As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

37.     Excluded from the Class are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

38.     Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

39.     Upon information and belief, the proposed class is composed of thousands of persons.  The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

40.     No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

41. Rather, all claims in this matter arise from the identical, false, affirmative written statements that the services would be provided for Class Members', when in fact, such representations were false.

42. There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

(a) Whether Defendant engaged in unlawful, unfair, or deceptive business practices in the marketing and sale of it's cellular plans to Plaintiff and other Class Members;

(b) Whether Defendant made misrepresentations with respect to the inclusion of rollover data at no additional charge on plans which it sold to consumers;

(c) Whether Defendant profited from the sale of the services;

(d) Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq.*, California Bus. & Prof. Code § 17500, *et seq.*, and California Civ. Code § 1750, *et seq.*;

(e) Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq.*, California Bus. & Prof. Code § 17500, *et seq.*, and California Civ. Code § 1750, *et seq.*;

(f) Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

(g) Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

(h) The method of calculation and extent of damages for Plaintiff and Class Members.

43. Plaintiff is a member of the class he seeks to represent

44. The claims of Plaintiff are not only typical of all class members, they

are identical.

45.    All claims of Plaintiff and the class are based on the exact same legal theories.

46.    Plaintiff has no interest antagonistic to, or in conflict with, the class.

47.    Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member.  Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experiences.  Plaintiff's claims are typical of all Class Members as demonstrated herein.

48.    Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent himself and the class.

49.    Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION

### Violation of the California False Advertising Act

### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

50.    Plaintiff incorporates by reference each allegation set forth above.

51.    Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

52.    California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading

written statements.

53.     Defendant misled consumers by making misrepresentations and untrue statements about the terms and conditions of the rollover data, namely, Defendant advertised that rollover data was included up to 500MB per month at no additional cost, and advertised as such, fully knowing and intending comply with these terms and conditions, and made false representations to Plaintiff and other putative class members in order to solicit the sale of these plans.

54.     Defendant knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

55.     As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property.   Plaintiff reasonably relied upon Defendant's representations regarding the cellular plans terms, namely that the rollover data advertised as being included was, in fact, included.   In reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members purchased the cellular plans.   In turn Plaintiff and other Class Members ended up with services that turned out to actually be different than advertised, and therefore Plaintiff and other Class Members have suffered injury in fact.

56.     Plaintiff alleges that these false and misleading written representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

57.     Defendant advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendant and its employees, that the rollover data would be included in each of their cellular plans

at no additional cost.

58.   Defendant knew that this representation was false, and that, in fact, it was going to charge $3.99/month for any rollover data.

59.   Thus, Defendant knowingly sold cellular plans to Plaintiff and other putative class members which falsely advertised the terms and conditions that were included.

60.   The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.   Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.   Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION

### Violation of Unfair Business Practices Act

### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

61.   Plaintiff incorporates by reference each allegation set forth above.

62.   Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.   Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.   A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm.   Furthermore, the "act or practice" aspect of the statutory

definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

63.    California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

64.    In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

65.    Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to charge them for rollover data that was supposedly included in their purchased cellular plans. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Sub-Class.

66.    Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Class that

1   the rollover data was being included in their cellular plans, in order to induce them

2   to spend money and purchase Defendant's services.  In fact, knowing that they

3   were going to charge an additional $3.99/month for the rollover data to Plaintiff

4   and other putative class members, Defendant unfairly profited in that Defendant

5   knew that it was making false representations to customers, in order to sell them

6   cellular plans.  Thus, the injury suffered by Plaintiff and the members of the Sub-

7   Class is not outweighed by any countervailing benefits to consumers.

8       67.    Finally, the injury suffered by Plaintiff and members of the Class is

9   not an injury that these consumers could reasonably have avoided.    After

10  Defendant, falsely represented that the cellular plan included these terms and

11  conditions that they did not, these consumers suffered injury in fact due to

12  Defendant's charging an additional fee for rollover data.  Defendant failed to take

13  reasonable steps to inform Plaintiff and class members that the rollover data was

14  in fact, not included, including failing to provide an opportunity to Plaintiff and

15  class members to read and review the accurate services provided with their cellular

16  plans prior to purchase.  As such, Defendant took advantage of Defendant's

17  position of perceived power in order to deceive Plaintiff and the Class members

18  to pay higher prices.  Therefore, the injury suffered by Plaintiff and members of

19  the Class is not an injury which these consumers could reasonably have avoided.

20      68.    Thus, Defendant's conduct has violated the "unfair" prong of

21  California Business & Professions Code § 17200.

22                          **FRAUDULENT**

23      69.    California Business & Professions Code § 17200 prohibits any

24  "fraudulent ... business act or practice."  In order to prevail under the "fraudulent"

25  prong of the UCL, a consumer must allege that the fraudulent business practice

26  was likely to deceive members of the public.

27      70.    The test for "fraud" as contemplated by California Business and

28

1   Professions Code § 17200 is whether the public is likely to be deceived.  Unlike
2   common law fraud, a § 17200 violation can be established even if no one was
3   actually deceived, relied upon the fraudulent practice, or sustained any damage.

4   71.   Here, not only were Plaintiff and the Class members likely to be
5   deceived, but these consumers were deceived by Defendant.  Such deception is
6   evidenced by the fact that Plaintiff purchased a cellular plan from the Defendant
7   under the basic assumption that the advertised terms and conditions, including free
8   rollover data up to 500MB per month, was accurate.  Plaintiff's reliance upon
9   Defendant's deceptive statements is reasonable due to the unequal bargaining
10  powers of Defendant and Plaintiff. For the same reason, it is likely that
11  Defendant's fraudulent business practice would deceive other members of the
12  public.

13  72.   As explained above, Defendant deceived Plaintiff and other Class
14  Members by representing the cellular plans as including the rollover data, when it
15  did not.

16  73.   Thus, Defendant's conduct has violated the "fraudulent" prong of
17  California Business & Professions Code § 17200.

18                              **UNLAWFUL**

19  74.   California Business and Professions Code Section 17200, et seq.
20  prohibits "any unlawful…business act or practice."

21  75.   As explained above, Defendant deceived Plaintiff and other Class
22  Members by representing that it's cellular plans included terms and conditions
23  which they did not actually include.

24  76.   Defendant used false advertising, marketing, and misrepresentations
25  to induce Plaintiff and Class Members to purchase cellular plans from Defendant,
26  in violation of California Business and Professions Code Section 17500, et seq.
27  Had Defendant not falsely advertised, marketed or misrepresented the terms and

28

conditions of the cellular plans they were selling, Plaintiff and Class Members would not have purchased them at all. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

77.     These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

78.     Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief.   Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## REQUEST FOR JURY TRIAL

79.     Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

80.     Plaintiff, on behalf of himself and the Class, requests the following relief:

(a)     An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b)     An order certifying the undersigned counsel as Class Counsel;

(c)     An order requiring Defendant, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(d)     An order requiring Defendant to engage in corrective advertising regarding the conduct discussed above;

(e)     Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff

1   and Class Members from the sales of the cellular plans that
2   falsely advertised inclusion of the rollover data at no additional
3   charge, during the relevant class period;
4   (f)   Punitive damages, as allowable, in an amount determined by
5   the Court or jury;
6   (g)   Any and all statutory enhanced damages;
7   (h)   All reasonable and necessary attorneys' fees and costs provided
8   by statute, common law or the Court's inherent power;
9   (i)   Pre- and post-judgment interest; and
10  (j)   All other relief, general or special, legal and equitable, to which
11  Plaintiff and Class Members may be justly entitled as deemed
12  by the Court.

13  Dated:  February 14, 2020          Respectfully submitted,

14

15                          LAW OFFICES OF TODD M. FRIEDMAN , PC

16

17                          By: /s Todd. M. Friedman
                                _____
18                              TODD M. FRIEDMAN, ESQ.
                                Attorney for Plaintiff
19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT